UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KYLAR SCOTT CURRY,<br><br>　　　　　Defendant. | Case No. 1:18-CR-00238-DCN-2<br><br>**REPORT AND RECOMMENDATION** |

On February 15, 2019, Defendant Kylar Scott Curry appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 36). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea and also a waiver of his right to Indictment. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Superseding Information (Dkt. 44), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

**REPORT AND RECOMMENDATION - 1**

sentence investigation to be conducted and a report prepared by the United States Probation Office.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant Kylar Scott Curry's plea of guilty to Count One of the Superseding Information (Dkt. 44),

2) The District Court order forfeiture consistent with Defendant Kylar Scott Curry's admission to the Criminal Forfeiture allegation in the Superseding Informationand the Plea Agreement (Dkt. 36).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss the Indictment (Dkt. 1) as to Defendant.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: February 15, 2019

CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION - 2**